## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

○

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-4417-CAS (PLAx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | NEVRIK BERBERYAN V. ASSET ACCEPTANCE, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Ashley Fickel |

**Proceedings:**     **DEFENDANT ASSET ACCEPTANCE'S MOTION TO DISMISS** (filed February 19, 2013)

## I.      INTRODUCTION

On May 24, 2012, plaintiff Nevrik Berberyan filed suit against defendants Asset Acceptance LLC ("Asset"), Equable Ascent Financial LLC ("Equable"), Portfolio Recovery Associates LLC ("Portfolio"), and Second Round LP. Dkt. No. 3. On November 19, 2012, the Court granted defendants Portfolio and Equable's motions to dismiss without prejudice. Dkt. No. 26. Plaintiff filed her First Amended Complaint on December 20, 2012. Dkt. No. 30. Thereafter, the Court dismissed defendants Portfolio and Equable from this action with prejudice pursuant to the parties' stipulation. Dkt. No. 33.

Plaintiff's FAC asserts claims for: (1) wilful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); (2) intentional and negligent violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a); (3) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(e)-(g); (4) violations of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17; and (5) libel.

On February 19, 2012, defendant Asset filed the instant motion to dismiss. Plaintiff opposed the motion on February 21, 2013, and defendant replied on March 4, 2013. The Court held a hearing on March 18, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4417-CAS (PLAx) | Date | March 18, 2013 |
|----------|----------------------|------|----------------|
| Title | NEVRIK BERBERYAN V. ASSET ACCEPTANCE, LLC | | |

## II.    BACKGROUND

Plaintiff makes the following factual allegations in support of her claims.  On or about December 1, 2011, plaintiff obtained her credit reports from the three major credit reporting agencies, Experian, Equifax, and Trans Union (collectively, "CRAs").  FAC ¶ 10.  After reviewing her reports, plaintiff discovered accounts in "derogatory status" that had been reported by defendants Asset (Account No. 11255) and Second (Account No. 371735255111009).  Id.  Each of these accounts was purchased by the respective defendant from the original creditors, as indicated on the reports; the first from non-party HSBC, the second from non-party AMEX.  Id. ¶ 11.

Plaintiff believes, however, that her accounts are still owned and controlled by HSBC and AMEX, respectively, and therefore alleges that these accounts are being falsely reported on her credit reports.  Id. ¶¶ 12–13.  Therefore, on December 1, 2011, plaintiff submitted written disputes to the CRAs disputing the existence, ownership, and accuracy of the above referenced accounts.  Id. ¶ 14.  She further requested that the CRAs provide verification and reinvestigate these purportedly disputed accounts.  Id.  On December 13, after the CRAs reported back to plaintiff that the debt accounts were valid, plaintiff sent letters of dispute with a verification request to each defendant directly.  Id. ¶ 16.  On or about February 24 and March 15, 2012, plaintiff sent second and third dispute letters to Asset and the original owner of the account, HSBC, requesting that each prove their ownership over a valid debt, as well as evidence of their legal right to collect the disputed debt.  Id. ¶ 18.

On March 21, 2012, defendant Asset responded to plaintiff, indicating that Asset was "presently unable to determine the nature of your dispute.  We will update our trade line regarding the account is 'disputed' with the consumer reporting agencies."  FAC Ex. C; id. ¶ 23.  This response led plaintiff to believe that Asset lacked documentation demonstrating that it had a right to collect upon the HSBC account, and that it had "validated" this account with the CRAs without a legal justification for doing so.  Id. ¶ 24.  As of a December 18, 2012, credit report from Experian, Asset continues to report the HSBC account on plaintiff's credit report.  FAC Ex. D.  This report also states that the "Account information [is] disputed by consumer."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4417-CAS (PLAx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | NEVRIK BERBERYAN V. ASSET ACCEPTANCE, LLC | | |

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4417-CAS (PLAx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | NEVRIK BERBERYAN V. ASSET ACCEPTANCE, LLC | | |

Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.    ANALYSIS

### A.    FDCPA and RFDCPA Claims

Plaintiff brings various claims under the FDCPA and the California RFDCPA. First, plaintiff claims that defendant violated 15 U.S.C. § 1692g(a) by disregarding the notice and disclose requirements imposed under this section.  FAC ¶ 52.  This section, in part, requires a debt collector "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt" to send the consumer a written notice containing certain information.  15 U.S.C. § 1692g(a).  Second, plaintiff alleges that defendant violated § 1692g(b) by disregarding plaintiff's written request for validation of her alleged debts.  FAC ¶ 54.  Under this section, a debt collector must not engage in any collection activities until verification of any debt is mailed to the consumer by the debt collector.  15 U.S.C. § 1692g(b).  Third, plaintiff alleges that defendant violated sections 1692e and 1692f, which prohibit false and misleading practices in the collection of a debt and various unfair debt collection practices, respectively.  See 15 U.S.C. §§ 1692e and 1982f; FAC ¶¶ 56–61.  Defendant allegedly falsely represented the character of the purported debts to plaintiff by reporting these debts to the CRAs, communicating credit information to the CRAs which it knew to be false, and failing to provide the required notice to plaintiff that defendant was seeking to collect a debt.  FAC ¶¶ 56–62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4417-CAS (PLAx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | NEVRIK BERBERYAN V. ASSET ACCEPTANCE, LLC | | |

     None of plaintiff's claims, however, can survive defendant's motion to dismiss. Plaintiff admits that Asset never communicated with her in any form, other than the March 21, 2012 letter sent in response to plaintiff's inquiry.  See FAC Ex. D.  As plaintiff herself appears to recognize, a letter sent in response to plaintiff's inquiry cannot serve as the "initial communication" with a consumer in connection with the collection of a debt. Because a defendant cannot violate the plain terms of any of the above-cited code sections without making some sort of qualifying communication with a consumer, plaintiff's claim fails as a matter of law.  Defendant need not provide any written notices to plaintiff, nor refrain from making "false representations," if defendant in fact never made any communications at all in an attempt to collect a debt.

     In opposition, plaintiff argues that defendant "communicated" with her through its alleged reporting of a debt that appeared on her credit report, but plaintiff offers no authority that supports such an expansive reading of the term "communicated."  Opp'n at 6.  Defendant must do something more than allegedly place notice of a disputed debt on plaintiff's credit report to trigger its disclosure duties.  And even if such disclosure duties were triggered by plaintiff's letter that disputed defendant's right to collect on any debt, see 15 U.S.C. § 1692g(b), plaintiff has not alleged that defendant was engaged in any "collection activities" at the time of her letter.  Furthermore, plaintiff fails to allege that defendants employed any cognizable "deceptive means" in connection with the collection of any debt; there are no allegations that defendant committed any deceptive actions, other than reporting a debt to a CRA.  Id.  Because plaintiff alleges facts that demonstrate that defendant did not violate the Act, bare recitals of the elements of a claim under the FDCPA are not sufficient to survive defendant's motion to dismiss.

     In addition, plaintiff's claim that defendant violated 15 U.S.C. § 1692f also fails. This section prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt," including such conduct as soliciting of a postdated check, threatening action to effect dispossession of property, or using improper language on an envelope when communicating with the consumer.  Id.  As with plaintiff's other FDCPA claims,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4417-CAS (PLAx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | NEVRIK BERBERYAN V. ASSET ACCEPTANCE, LLC | | |

her complaint is based entirely on defendant's reporting of a debt on her credit report—and contains no allegations of conduct that is "unfair or unconscionable." Accordingly, the Court grants defendant's motion for these claims.[1]

### B.    FCRA Claims

Plaintiff alleges that defendant violated 15 U.S.C. § 1681s-2(b), which imposes certain duties on parties that furnish information to a CRA.  FAC ¶¶ 30–33.  The duties under this section are triggered when "when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009).  These duties include conducting a reasonable investigation with respect to any disputed information, reviewing all relevant information provided by the CRA, reporting the results of an investigation to the CRA, and modifying any inaccurate or unverified information contained in the consumer's credit report.  See 15 U.S.C. § 1681s-2(b)(1); Gorman, 584 F.3d at 1157 (holding that "the furnisher's investigation pursuant to [this section] may not be unreasonable").  The furnisher of disputed information has thirty days within which to complete its reinvestigation.  See id. § 1681s-2(b)(2).  Notably, "[t]hese duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Gorman, 584 F.3d at 1154 (citing Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059–60 (9th Cir. 2002)).

In support of her claims, plaintiff alleges that defendant violated section 1681s-2(b)(1) by "failing to conduct a proper investigation," after receiving notice from a CRA that plaintiff disputed the information in her report.  FAC ¶ 31.  Had defendants conducted such an investigation, plaintiff alleges that defendant would have realized they "could not collect upon [her] account."  Id.  Indeed, without offering "proof of the right to collect upon [a] debt" before allegedly verifying that debt for a CRA, plaintiff contends that defendant violated the FCRA.  Id. ¶ 30.

---

[1] Plaintiff's claims under California's RFDCPA are derivative of her federal claims; accordingly, dismissal is also appropriate on these claims.  See Cal. Civil Code § 1788.17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4417-CAS (PLAx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | NEVRIK BERBERYAN V. ASSET ACCEPTANCE, LLC | | |

The Court concludes that plaintiff fails to state a claim under the FCRA. Plaintiff fails to offer any factual allegations supporting her contention that defendant's investigation of her disputed account was unreasonable. First, there is no duty on the part of the furnisher to provide proof of its right to collect upon a debt under the plain language section 1681s-2(b). As plaintiff herself alleges, she received confirmation from the CRAs that Asset had verified the account appearing on her credit report as valid. FAC ¶ 16. Plaintiff cannot attempt to impose a further requirement of "validation" in section 1681s-2(b), above and beyond that of "reasonable investigation," where none exists. Second, plaintiff offers no facts in support of her conclusory allegation that defendant failed to conduct a proper investigation into the validity of the debt it had reported. See FAC ¶¶ 30–31. This is insufficient to state a claim based on a furnisher's failure to reasonably investigate disputed information in her credit report. Plaintiff must allege at least some facts that could support a plausible claim that defendant acted unreasonably in carrying out its investigation. This is particularly true where plaintiff admits that Asset purchased the account reported on her credit report from HSBC, a company from which plaintiff alleges she had an account. FAC ¶ 13. Although plaintiff is not required to plead facts she cannot know prior to engaging in discovery, she must at least allege facts regarding the disputed debt to put defendant on notice as to why the investigation was allegedly defective. See Iyigun v. Cavalry Portfolio Services, LLC, CV-12-8682, 2013 WL 93114, at * 1 (C.D. Cal. Jan. 8, 2013). Accordingly, the Court grants defendant's motion to dismiss this claim.

### C.   CCRAA Claims

Plaintiff also claims that defendant disregarded its obligation to accurately report credit information pursuant to California Civil Code § 1785.25(a). FAC ¶¶ 41–50. In particular, plaintiff alleges that defendant reported information that it knew or should have known to be inaccurate or that it failed to verify was accurate at the time this information was furnished. FAC ¶¶ 42–43. This section of the CCRAA prohibits an entity from "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is complete or inaccurate." Cal. Civ. Code § 1785.25(a).

First, the Court rejects defendant's preemption-based argument to dismiss this claim, because plaintiff has not, as defendant contends, pled a claim under section 1785.25(c) rather than section 1785.25(a). Whereas section 1785.25(c) is expressly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4417-CAS (PLAx) | Date | March 18, 2013 |
|----------|----------------------|------|----------------|
| Title | NEVRIK BERBERYAN V. ASSET ACCEPTANCE, LLC | | |

preempted by the FCRA, section 1785.25(a) is expressly carved-out from the FRCA's preemptive force.  See 15 U.S.C. § 1681t(b)(1)(F)(ii).  As plaintiff is ultimately the master of her complaint, the Court will not construe her claim as arising under section 1785.25(c), rather than section 1785.25(a).

However, plaintiff's CCRAA claims suffer from the same factual inadequacies as her claims under the FCRA.  Just as with plaintiff's claims for failure to reasonably investigate, plaintiff must offer more than a conclusory allegation that defendant reported false information, without any factual support whatsoever, to withstand defendant's motion to dismiss her CCRAA claims.  Accordingly, the Court grants defendant's motion to dismiss these claims.

### D.    Defamation Claim

Plaintiff's defamation claim is premised on her allegation that defendant published "inaccurate credit information about plaintiff to CRAs."  FAC ¶ 69.  Following the majority of courts to have considered the issue, however, the Court concludes that plaintiff's defamation claim is preempted by the FCRA.  See, e.g., Iyigun, 2013 WL 93114, at *2 (C.D. Cal. Jan. 8, 2013); Buraye v. Equifax, 625 F. Supp. 2d 894, 897–898 (C.D. Cal. 2008).[2]  And even if the alleged tort is not preempted, plaintiff fails to allege facts that would support the requisite element of malice.  Accordingly, the Court grants defendant's motion to dismiss this claim.

## V.    CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to dismiss without prejudice.  Plaintiff shall have **twenty (20) days** to file an amended complaint correcting the deficiencies identified herein.  Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] The Ninth Circuit in Gorman declined to reach this issue.  See 584 F.3d at 1154.